CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED

JAN 2 4 2012

JULIA C. DUDLEY, CLERK
BY: _____
DEPUTY CLERK

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
## DANVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Criminal Action No. 4:04-cr-00016-1 |
| | ) | |
| v. | ) | **§ 2255 MEMORANDUM OPINION** |
| | ) | |
| LARRY DARNELL WARNER, | ) | By:  **Hon. Jackson L. Kiser** |
| Petitioner. | ) | **Senior United States District Judge** |

Larry Darnell Warner, a federal inmate proceeding pro se, filed a motion to vacate, set

aside, or correct sentence, pursuant to 28 U.S.C. § 2255.  Petitioner alleges that his sentence

violates due process guaranteed by the Fifth Amendment of the United States Constitution.  This

matter is before me for preliminary review, pursuant to Rule 4 of the Rules Governing § 2255

Proceedings.  After reviewing the record, I dismiss the motion as untimely.

I.

A federal grand jury in the Western District of Virginia issued a three-count indictment

against petitioner in December 2004.  Count Two accused petitioner of distributing, or aiding and

abetting the distribution of, five or more grams of a mixture containing crack cocaine, in

violation of 21 U.S.C. § 841 and 18 U.S.C. § 2.  The United States filed an information to

establish a prior felony drug conviction in North Carolina, pursuant to 28 U.S.C. § 851(a).

After conducting a plea colloquy, I accepted petitioner's guilty plea to distributing five or

more grams of crack cocaine pursuant to a written plea agreement.  Petitioner acknowledged in

his written plea agreement that his prior felony drug conviction would cause him to be sentenced

to between ten years' and life imprisonment.[1]  See 21 U.S.C. § 841(b)(1)(B) (mandating a ten-

year mandatory minimum sentence for certain federal drug convictions if a defendant has a prior,

final conviction for a felony drug offense).  On October 5, 2005, I sentenced petitioner to, inter

alia, ten years' imprisonment and dismissed the other indicted counts.[2] Petitioner did not note an appeal.

Petitioner filed his self-styled § 2255 motion in November 2011.[3] The court conditionally filed the motion and advised him it appeared untimely, did not substantially conform to the form § 2255 motion, and was not signed under penalty of perjury. Petitioner subsequently filed a form § 2255 motion signed under penalty of perjury and argued that the motion was timely because of an unspecified United States Supreme Court decision.[4] Petitioner argues in his sole claim that his North Carolina conviction for possession of marijuana with intent to distribute does not qualify as a prior "felony drug offense" and, consequently, he should not serve a ten-year mandatory minimum sentence.

## II.

Courts and the public can presume that a defendant stands fairly and finally convicted after conviction and exhaustion, or waiver, of any right to appeal. See United States v. Frady, 456 U.S. 152, 164 (1982). Nonetheless, federal convicts in custody may attack the validity of their federal sentences via 28 U.S.C. § 2255. Section 2255 cures jurisdictional errors, constitutional violations, proceedings that resulted in a complete miscarriage of justice, or events that were inconsistent with the rudimentary demands of fair procedure. United States v. Timmreck, 441 U.S. 780, 784 (1979). To move the court to vacate, set aside, or correct a

---

[1] Petitioner also agreed to waive all rights to appellate and collateral review of his conviction and sentence.
[2] Petitioner's sentencing guideline range of incarceration was between 108 and 135 months, but the mandatory minimum sentence required at least a ten-year term of incarceration.
[3] Petitioner did not date his self-styled motion, and he did not inform the court of the date of mailing despite the opportunity provided by the court's conditional filing order. The self-styled motion's envelope bears a November 9, 2011, stamp date. Petitioner avers he deposited his form § 2255 motion in the prison mail system in November 2011.
[4] Petitioner argued in his self-styled motion that he is entitled to relief because of the Fourth Circuit case United States v. Simmons, 635 F.3d 140 (4th Cir. 2011), which was abrogated by United States v. Simmons, 649 F.3d 237 (4th Cir. 2011). Simmons concerns the definition of "felony drug offense" to enhance a sentence. See 21 U.S.C.

2

sentence via § 2255, a petitioner must prove that one of the following occurred: (1) a sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose a sentence; (3) a sentence was in excess of the maximum authorized by law; or (4) a sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a).

A one year statute of limitations period governs § 2255 actions. This period begins to run from the latest of: (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255(f). A district court may summarily dismiss a § 2255 motion if a petitioner fails to make the requisite showing of timeliness after a court notifies the petitioner that the motion appears untimely and allows an opportunity to provide any argument and evidence. See Hill v. Braxton, 277 F.3d 701, 707 (4th Cir. 2002) (discussing notice in the context of a § 2254 petition). See also United States v. Sosa, 364 F.3d 507, 510-13 (4th Cir. 2004) (recognizing that Hill may apply to § 2255 motions).

A criminal judgment entered in October 2005 became final after ten days if the defendant did not file an appeal. Fed. R. App. P. 4(b)(1)(A)(i) (2005). See United States v. Clay, 537 U.S. 522, 524 (2003) (stating a conviction becomes final once the availability of direct review is

---

§ 802(44) (defining "felony drug offense").

3

exhausted). Therefore, petitioner's judgment became final on October 20, 2005, after petitioner did not note an appeal. See Fed. R. App. P. 26 (2005) (counting days for a period of less than eleven days does not include intermediate weekends and holidays). Accordingly, for purposes of § 2255(f)(1), petitioner had until October 20, 2006, to timely file his § 2255 motion, but he did not file the instant motion until November 2011. See Rule 3, R. Gov. § 2255 Proceedings (discussing prison-mailbox rule for § 2255 motions).

The court conditionally filed petitioner's § 2255 motion, advised him it appeared untimely, and requested argument or evidence to support why the motion was timely filed. Petitioner argues that his motion should be considered timely filed because of an unspecified, recent Supreme Court case, which I assume is Carachuri-Rosendo v. Holder, ___ U.S. ___, 130 S. Ct. 2577, 2586-87 (2010). In Carachuri-Rosendo, the Supreme Court interpreted the Immigration and Naturalization Act to distinguish "conduct punishable as a felony" and "conduct punished as a felony" as a predicate fact to determine Carachuri-Rosendo's eligibility for discretionary cancellation of removal.

Carachuri-Rosendo presents new procedural rules for sentencing courts to determine the relationship between prior convictions and statutory sentencing enhancements. New procedural rules that are established after a conviction becomes final generally do not apply on collateral review.[5] Teague v. Lane, 489 U.S. 288, 310 (1989). New procedural rules generally do not

---

[5] New substantive rules are not barred by the Teague rule because decisions establishing a new substantive rule "carry a significant risk that a defendant stands convicted of an act that the law does not make criminal." Bousley v. United States, 523 U.S. 614, 621 (1998) (internal quotation marks omitted). New substantive rules include decisions that narrow the scope of a criminal statute by holding that the statute does not reach certain conduct and decisions that place particular people or conduct covered by the statute beyond the government's constitutional power to punish. Bousley v. United States, 523 U.S. 614, 620 (1998); Schiro v. Summerlin, 542 U.S. 348, 352 (2004). See United States v. Thomas, 627 F.3d 534 (4th Cir. 2010) (recognizing that a rule is substantive, rather than procedural, if it alters the range of conduct or the class of persons that the law punishes). See also Bailey v. United States, 516 U.S. 137 (1998) (narrowing the scope of "use" in 18 U.S.C. § 924(c)(1) to exclude conduct previously held as criminal announced a new substantive rule that applied retroactively); Begay v. United States, 553 U.S. 137 (2008)

retroactively apply because "[t]hey do not produce a class of persons convicted of conduct the law does not make criminal, but merely raise the possibility that someone convicted with use of the invalidated procedure might have been acquitted otherwise." Schriro, 542 U.S. at 352. I have not discovered any court's decision that held Carachuri-Rosendo retroactively applies to § 2255 proceedings. See Adams v. United States, 2011 U.S. Dist. LEXIS 35553, 2011 WL 1233238 (S.D. Fla. Feb. 28, 2011) (unpublished) (recommending that a § 2255 be denied because Carachuri-Rosendo did not represent a change in the law to be retroactively applied); Powell v. United States, 2011 U.S. Dist. LEXIS 2610, 2011 WL 32519 (W.D.N.C. Jan. 4, 2011) (unpublished) (same); Hickman v. United States, 2010 U.S. Dist. LEXIS 120794, 2010 WL 4721706 (D.S.C. Nov. 12, 2010) (unpublished) (same). Petitioner fails to explain how Carachuri-Rosendo retroactively applies, and, even if it did, petitioner did not file the instant motion within one year of that opinion. Carachuri-Rosendo was issued on June 14, 2010, petitioner had until June 14, 2011, to challenge his sentence pursuant to its holding, and he filed his motion in November 2011.[6] Accordingly, petitioner failed to timely file his § 2255 motion, pursuant to either § 2255(f)(1) or (f)(3), and I must dismiss it unless I equitably toll the statute of limitations.

Equitable tolling is available only in "those rare instances where – due to circumstances external to the party's own conduct – it would be unconscionable to enforce the limitation period

---

(narrowing the construction of "violent felony" in 18 U.S.C. § 924(e) to be violent, purposeful, and aggressive announced a new substantive rule ).

[6] The conditional filing order states, "If petitioner elects to proceed with this action as a § 2255 motion, he will need to provide the court with argument and/or evidence as to why the court may address his claims even though they were filed more than one year after his conviction became final." Petitioner invoked § 2255(f)(3) as the start of the limitations period based on an unspecified Supreme Court Case and without referencing any date. Thus, petitioner chose not explain the date of the Supreme Court case or the date he mailed the self-styled motion to the court through the prison mail system, despite the court advising him of its need for the information. See Miller v. United States, 261 F.2d 546, 547 (4th Cir. 1958) (stating a convict bears the burden of proof for § 2255 relief).

against the party and gross injustice would result." Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003) (en banc) (internal quotation marks omitted) (citing Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000)). A petitioner must have "been pursuing his rights diligently, and . . . some extraordinary circumstance stood in his way" to prevent timely filing. Holland v. Florida, ___ U.S. ___, 130 S. Ct. 2549, 2560 (2010). Mere lack of knowledge about legal process or the statutory deadline for federal habeas relief does not support granting such extraordinary relief. Harris, 209 F.3d at 330.

Petitioner does not argue any basis to equitably toll the statute of limitations. I do not find in the record any extraordinary circumstance that prevented petitioner from filing a timely § 2255 motion. See, e.g., Sosa, 364 F.3d at 512 (stating pro se status and ignorance of the law does not justify equitable tolling); Turner v. Johnson, 177 F.3d 390, 392 (5th Cir. 1999) (noting that unfamiliarity with the law due to illiteracy or pro se status does not toll limitations period). Accordingly, petitioner did not timely file his § 2255 motion, he is not entitled to equitable tolling, and his motion must be dismissed.

III.

For the foregoing reasons, I dismiss petitioner's § 2255 motion as untimely. Based upon my finding that the petitioner has not made the requisite substantial showing of denial of a constitutional right as required by 28 U.S.C. § 2253(c), a certificate of appealability is denied.

The Clerk is directed to send copies of this Memorandum Opinion and the accompanying Order to petitioner and counsel of record for the United States.

**ENTER**: This 24th day of January, 2012.

Senior United States District Judge

6