CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
JUL - 3 2012
JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 4:04-cr-00016-1 |
| v. | § 2255 MEMORANDUM OPINION |
| LARRY DARNELL WARNER, Petitioner. | By: Hon. Jackson L. Kiser Senior United States District Judge |

This matter is before me upon petitioner's "motion to reopen 2255," seeking relief from the judgment dismissing his prior 28 U.S.C. § 2255 motion to vacate, set aside or correct sentence. Upon review of the instant motion, I conclude that "motion to reopen 2255" is appropriately filed and dismissed as a successive § 2255 motion.

I entered petitioner's criminal judgment on October 5, 2005. I dismissed petitioner's first § 2255 motion on January 24, 2012, as untimely filed and denied his first motion for reconsideration on February 9, 2012. The Fourth Circuit Court of Appeals denied petitioner a certificate of appealability and dismissed petitioner's appeal on June 11, 2012.

In the instant motion, petitioner presents new arguments why he should have the statute of limitations tolled in light of his discovery of case law that existed before he filed his first § 2255 motion. When a prisoner files a motion in a closed criminal case challenging his criminal judgment, the motion is often filed and dismissed as a successive § 2255. Gonzales v. Crosby, 545 U.S. 524, 531 (2005) (citing Calderon v. Thompson, 523 U.S. 538, 553 (1998)). If the motion raises claims allegedly omitted from the initial § 2255 motion, presents new evidence in support of a claim already denied, or argues for relief under subsequent changes in the substantive law, that motion is not properly considered as a motion for reconsideration and should be filed as a separate § 2255 motion. Id. To allow prisoners to bring new habeas claims in a subsequent motion would circumvent the requirement under § 2255(h) that any subsequent

habeas claims first be certified by a court of appeals. Id. at 531-32. I find that petitioner presents new arguments challenging his criminal judgment based on previously available case law, and I construe the motion for reconsideration as a § 2255 motion to vacate, set aside, or correct sentence.[1]

A district court may consider a second or successive § 2255 motion only upon specific certification from the Fourth Circuit Court of Appeals that the claims in the motion meet certain criteria. See 28 U.S.C. § 2255(h). Court records indicate that petitioner has previously filed a § 2255 motion about the same conviction and/or sentence. Thus, petitioner's construed § 2255 motion is a second or subsequent one under § 2255(h). As petitioner has not submitted any evidence of having obtained certification from the United States Court of Appeals for the Fourth Circuit to file a second or successive § 2255 motion, I must dismiss the action without prejudice. Based upon my finding that petitioner has not made the requisite substantial showing of denial of a constitutional right as required by 28 U.S.C. § 2253(c), a certificate of appealability is denied.

The Clerk is directed to send copies of this Memorandum Opinion and the accompanying Order to petitioner and to counsel of record for the United States.

ENTER: This 3rd day of July, 2012.

/s/ Jackson L. Kiser
Senior United States District Judge

---

[1] Even if I did not construe the motion for reconsideration as a § 2255 motion, petitioner's arguments do not entitle him to reconsideration of the dismissal order.

2