CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED

JUL 16 2012

JULIA C. DUDLEY, CLERK
BY: HMcDonaca
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 4:04-cr-00016-1 |
| v. | § 2255 MEMORANDUM OPINION |
| LARRY DARNELL WARNER,<br>Petitioner. | By: Hon. Jackson L. Kiser<br>Senior United States District Judge |

This matter is before me upon petitioner's motion to appoint counsel. After reviewing the instant motion, I conclude that the motion to appoint counsel is appropriately filed and dismissed as a successive § 2255 motion.

I entered petitioner's criminal judgment on October 5, 2005, and I dismissed petitioner's first § 2255 motion on January 24, 2012. See docket no. 59. Petitioner now requests the appointment of counsel in order to vacate his conviction in light of United States v. Simmons, 649 F.3d 237 (4th Cir. 2011). When a convict files a motion in a closed criminal case challenging a criminal judgment, the motion is often filed and considered as a successive § 2255 motion if the motion raises claims allegedly omitted from the initial § 2255 motion, presents new evidence in support of a claim already denied, or argues for relief under subsequent changes in substantive law. Gonzales v. Crosby, 545 U.S. 524, 531 (2005) (citing Calderon v. Thompson, 523 U.S. 538, 553 (1998)). To allow a convict to bring a new claim in a subsequent motion would circumvent the requirement under § 2255(h) that a court of appeals certify any subsequent § 2255 claim. Id. at 531-32. I find that petitioner seeks the appointment of counsel to present new arguments to challenge his criminal judgment based on new case law, and I construe the motion as a § 2255 motion to vacate, set aside, or correct sentence.[1]

---

[1] Even if I did not construe the motion as a § 2255 motion, petitioner "has no right to counsel beyond his first appeal." Coleman v. Thompson, 501 U.S. 722, 756 (1991).

I may consider a second or successive § 2255 motion only upon specific certification from the Fourth Circuit Court of Appeals that the claims in the motion meet certain criteria. See 28 U.S.C. § 2255(h). Court records indicate that petitioner has previously filed a § 2255 motion about the same conviction and/or sentence. See docket no. 55-57. Thus, petitioner's construed § 2255 motion is a second or subsequent one under § 2255(h). As petitioner has not submitted any evidence of having obtained certification from the United States Court of Appeals for the Fourth Circuit to file a second or successive § 2255 motion, I must dismiss the action without prejudice. Based upon my finding that petitioner has not made the requisite substantial showing of denial of a constitutional right as required by 28 U.S.C. § 2253(c), a certificate of appealability is denied.

The Clerk is directed to send copies of this Memorandum Opinion and the accompanying Order to petitioner and to counsel of record for the United States.

ENTER: This 16th day of July, 2012.

*[signature]*
Senior United States District Judge